UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS FORTUNE FAY and THE FAY LAW GROUP, P.A., Petitioners, -against- ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP, Respondents, <br><br> ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP, Cross-Petitioners, -against- THOMAS FORTUNE FAY, THE FAY LAW GROUP, P.A., STEVEN R. PERLES, PERLES LAW FIRM, P.C., and FAY AND PERLES FSIA LITIGATION PARTNERSHIP, Cross-Petitioner Respondents. | 25-cv-7613 (LAP)<br>ORDER |
| STEVEN R. PERLES, ESQ. and PERLES LAW FIRM, P.C., Petitioners, -against- ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP, Respondents. | 25-cv-8219 (LAP)<br>ORDER |
| FAY AND PERLES FSIA LITIGATION PARTNERSHIP, Petitioner, -against- ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP, Respondents. | 25-cv-8281 (LAP)<br>ORDER |
| IN RE 650 FIFTH AVENUE AND RELATED PROPERTIES | 08-cv-10934 (LAP)<br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

Nonparty Allen L. Rothenberg[2] has filed a charging lien in the 650 Fifth Avenue litigation pursuant to N.Y. Judiciary Law § 475. Specifically, Rothenberg asserts a lien on the recoveries generated by the 650 Fifth Avenue settlement for the Peterson v. Iran plaintiffs that Rothenberg represents or formerly represented. Rothenberg has also raised a limited objection to the Trustee's intention to distribute funds from the 650 Fifth Avenue Trust. (See Dkt. 2531.) Other counsel for the Peterson judgment creditors challenge the validity of Rothenberg's lien on various grounds. (Dkt. 2540.) Rothenberg now asks that the Court preserve the status quo pending resolution of the Rothenberg Arbitration Petitions and of his disputed attorneys' fees.

The Court agrees that any disputed funds should be segregated in the Trust until all fee disputes are fully adjudicated. Accordingly, the Trustee shall continue to segregate and withhold

---

[1] Unless otherwise indicated, docket citations refer to case no. 08-cv-10934.

[2] Rothenberg served as co-counsel for the plaintiffs in the Peterson litigations, which include certain plaintiffs who stand to recover through distributions from the 650 Fifth Avenue Trust. A fee dispute between Rothenberg and his former co-counsel, Thomas Fortune Fay, Steven R. Perles, their firms, and the Fay and Perles FSIA Litigation Partnership (the "Partnership"), was arbitrated before JAMS and resulted in a Final Award dated July 7, 2025, in Rothenberg's favor (the "Final Award"). Fay, Perles, and the Partnership have each petitioned to vacate the Final Award, while Rothenberg has cross-petitioned to confirm it. The three petitions (the "Rothenberg Arbitration Petitions") have been consolidated under docket number 25-cv-7613.

any funds for which Rothenberg or any other attorney in these litigations asserts a charging lien.

The Court also wishes to ensure that all parties have an opportunity to address not only Rothenberg's asserted charging lien, but also any post-briefing developments in the 650 Fifth Avenue and Peterson litigations that may bear on the Rothenberg Arbitration Petitions. Any interested party who wishes to be heard on these issues may file a written submission no later than October 1, 2026. Although the Court does not believe that oral argument is necessary at this time, the Court will inform the parties if particular issues require oral argument.

**CONCLUSION**

Accordingly, it is hereby ORDERED that:

1. The Trustee shall retain in the Trust any funds that are the subject of a lien noticed by any attorney, including Rothenberg, unless and until the Court orders otherwise. The Trustee may continue to distribute any shares payable to non-attorney Trust beneficiaries as originally ordered.
2. Within five days of this Order, any attorney asserting a lien on any of the proceeds held by the Trustee shall contact the Trustee and ensure that such funds are appropriately segregated. Within seven days of this Order, the Trustee shall file a letter stating the amounts of disputed attorneys' fees retained.

3. Any interested party who wishes to be heard on the Arbitration Petitions or on Rothenberg's lien, or who wishes to bring to the Court's attention any matter bearing on those disputes, may file a letter not to exceed five pages by October 1, 2026. Counsel shall ensure that the letter is filed in all of the above-captioned actions.

4. After the Court reviews further submissions, the Court will set a conference date at which the Trustee and all interested parties in the above-captioned actions shall appear to address Rothenberg's asserted charging lien and the status of disputed funds that remain in the 650 Fifth Avenue Trust.

The Clerk of Court shall docket a copy of this Order in all of the above-captioned actions and close Dkts. 38 and 41 in Case No. 25-CV-7613, Dkt. 26 in Case No. 25-CV-8219, Dkt. 17 in Case No. 25-CV-8281, and Dkt. 2542 in Case 08-CV-10934.

**SO ORDERED.**

Dated: New York, New York
September 11, 2026

Loretta A. Preska

LORETTA A. PRESKA
Senior United States District Judge